Wang v. Sessions

BIA
Poczter, IJ
A200 181 440

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand seventeen.

PRESENT:
JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

SHI BO WANG,
*Petitioner,*

v.                                                    15-3215
                                                      NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Peter Zhang, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Keith I.
                         McManus, Assistant Director; Rachel
                         L. Browning, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shi Bo Wang, a native and citizen of the People's Republic of China, seeks review of a May 4, 2015, decision of the BIA affirming a September 19, 2013, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Bo Wang,* No. A200 181 440 (B.I.A. May 4, 2015), *aff'g* No. A200 181 440 (Immig. Ct. N.Y. City Sept. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the

applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Wang was not credible.  The IJ reasonably relied on Wang's demeanor, finding that he was hesitant and often asked for questions to be repeated when those questions veered from what appeared to be a memorized script.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  That finding is supported by the record.  The demeanor finding and the overall credibility determination are bolstered by record inconsistencies regarding how many times Chinese officials looked for Wang at his mother's house, whether his mother treated his injuries after his release from detention, whether his cousin told him about asylum in the United States, and how he is related to his cousin.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006);

3

*Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Wang did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004))).

Having questioned Wang's credibility, the agency reasonably relied further on his failure to rehabilitate his claim with corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in affording limited weight to Wang's mother's letter because it was out of date; in addition, the letter "was submitted by an interested witness." *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Moreover, her letter did not clarify or rehabilitate Wang's inconsistent testimony regarding how many times police had come to her house looking for him. Wang failed to submit statements

4

from his three siblings despite their alleged knowledge of the events underlying his asylum claim.

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Wang's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5